# UNITED STATES DISTRICT COURT
## District of South Carolina

UNITED STATES OF AMERICA

vs.

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 4:17CR108 BHH 1

**BARBARA LANDY**
aka E-5 aka Fizzy

USM Number: 32052-171

Ralph James Wilson, Retained
Roy Stephen Merritt, PHV
Defendant's Attorney

## THE DEFENDANT:

■ pleaded guilty to count(s) one (1) and two (2) of Third Superseding Indictment on 11/15/2017 .
☐ pleaded nolo contendere to count(s) _____which was accepted by the court.
☐ was found guilty on count(s) ___after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:841(a)(1), (b)(1)(B),846 | Please see third superseding indictment | 8-8-17 | 1sss |
| 18:924(o) | Please see third superseding indictment | 8-8-17 | 2sss |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)_____.
■ Count(s) 1, 2, 15, 19, 29-31, 33-34, of the indictment, superseding indictment and second superseding indictment; and counts 15, 19, 29-31, 33-34 of the third superseding indictment ☐ is ■are dismissed on the motion of the United States.
☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

March 13, 2019
Date of Imposition of Judgment

s/Bruce Howe Hendricks

Signature of Judge

Hon. Bruce Howe Hendricks, U. S. District Judge
Name and Title of Judge

March 14, 2019
Date

DEFENDANT: BARBARA LANDY
CASE NUMBER: 4:17CR108 BHH 1

# IMPRISONMENT

Having calculated and considered the advisory sentencing guidelines and having also considered the relevant statutory sentencing factors contained in 18 U.S.C. § 3553(a), it is the judgment of the Court that the defendant, **Barbara Landy, a/k/a "E-5", a/k/a "Fizzy",** is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of **210 months**. This term consists of **210 months** as to each of Counts 1 and 2, to run concurrently. **(Total aggregate sentence: 210 months)**

☐     The court makes the following recommendations to the Bureau of Prisons:

■     The defendant is remanded to the custody of the United States Marshal.

☐     The defendant shall surrender to the United States Marshal for this district:

      ☐ at _____ ☐ a.m. ☐ p.m. on _____.

      ☐ as notified by the United States Marshal.

☐     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

      ☐ before 2 p.m. on _____.

      ☐ as notified by the United States Marshal.

      ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this Judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: BARBARA LANDY
CASE NUMBER: 4:17CR108 BHH 1

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **four years**. This term consists of **four years** as to Count 1 and **three years** as to Count 2. All such terms are to run concurrently. While on supervised release, the defendant shall comply with the mandatory and standard conditions of supervision outlined in 18 U.S.C. § 3583(d). The defendant shall also comply with the following special condition: The defendant shall satisfactorily participate in a drug testing program as approved by the U.S. Probation Office. The defendant shall contribute to the costs of such program not to exceed an amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services", and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid.

# MANDATORY CONDITIONS

1.      You must not commit another federal, state or local crime.
2.      You must not unlawfully possess a controlled substance.
3.      You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
            ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.      ☐      You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.      ■      You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.      ☐      You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. §20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.      ☐      You must participate in an approved program of domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: BARBARA LANDY
CASE NUMBER: 4:17CR108 BHH 1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.	You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.	After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.	You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.	You must answer truthfully the questions asked by your probation officer.
5.	You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.	You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.	You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.	You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.	If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.	You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.	You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.	If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13.	You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at www.uscourts.gov.

Defendant's Signature _____ Date _____

DEFENDANT: BARBARA LANDY
CASE NUMBER: 4:17CR108 BHH 1

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $200.00 | | $ | $ |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case(AO245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| TOTALS | $_____ | $_____ | |

☐  Restitution amount ordered pursuant to plea agreement     $_____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 5 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:
   ☐   The interest requirement is waived for the ☐ fine  ☐ restitution.
   ☐   The interest requirement for the ☐ fine  ☐  restitution is modified as follows:

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: BARBARA LANDY
CASE NUMBER: 4:17CR108 BHH 1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    ■    Lump sum payment of $200.00 (special assessment)  due immediately

      ☐ not later than _____, or

      ☐ in accordance with   ☐ C,   ☐ D, or   ☐ E, or ☐ F below: or

B    ☐    Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C    ☐    Payment in equal _____(weekly, monthly, quarterly)  installments of $_____over a period of _____

      *(e.g., months or years)*, to commence _____  *(e.g., 30 or 60 days)*  after the date of this judgment; or

D    ☐    Payment in equal _____*(e.g., weekly, monthly, quarterly)*  installments of $_____over a period of _____*(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E    ☐    Payment during the term of supervised release will commence within *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☐    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

      Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.
☐    The defendant shall pay the following court cost(s):
■    The defendant shall forfeit the defendant's interest in the following property to the United States:

As directed in the Preliminary Order of Forfeiture, filed 3/13/18  and the said order is incorporated herein as part of this judgment.

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 4:17-cr-108-BHH (1) |
| | ) | |
| v. | ) | |
| | ) | |
| BARBARA LANDY | ) | |
| a/k/a "E-5" | ) | |
| a/k/a "Fizzy" | ) | |

PRELIMINARY ORDER OF FORFEITURE AS TO
BARBARA LANDY, a/k/a "E-5", a/k/a "FIZZY"

This matter is before the court on the motion of the United States for a Preliminary

Order of Forfeiture as to Defendant Barbara Landy ("Landy", "Defendant"), based upon

the following:

1.    On August 8, 2017, a multi-count Third Superseding Indictment was filed

charging Landy with:

| | |
|---|---|
| <u>Count 1</u>: | Drug trafficking conspiracy, in violation of 21 U.S.C. § § 841 (a)(1), (b)(1)(B), (b)(1)(D) and 846; |
| <u>Count 2</u>: | Conspiracy to use, carry and possess firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §924(o); |
| <u>Counts 15, 19, 29, 30, 31, 33, 34</u>: | Knowingly and intentionally did use a communication facility, to wit: a telephone, to facilitate the commission of a felony, under the Controlled Substances Act, to wit: conspiracy to possess with intent to distribute and possession with intent to distribute and distribution of heroin and marijuana, and cocaine and fentanyl, and did aid and abet each other in the commission of the aforesaid offense in violation of 21 U.S.C. § 841(a)(1), 843(b), 846 and 18 U.S.C. § 2. |

2.     Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon Landy's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States.  As specified therein, such assets include, but are not limited to the following

Proceeds/ Money Judgment[1]:

A sum of money equal to all property the Defendant obtained as a result of the drug offenses charged in the Indictment, and all interest and proceeds traceable thereto as a result her violations of Title 18 and Title 21 offenses.

3.     On October 21, 2017, Landy signed a plea agreement, agreeing to forfeiture and on November 15, 2017, entered into a plea of guilty as to Count 1 and Count 2 of the Third Superseding Indictment.

4.     Based upon Defendant's conviction, the court has determined that the government has established the requisite nexus between the amount of proceeds and the offenses for which Landy has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.  The court has determined that the property described above is subject to forfeiture, pursuant to 21 U.S.C. § § 853(a), 881 and 28 U.S.C. § 2461(c).   Therefore, it is ORDERED that all property, real or personal, which constitutes or is derived from proceeds traceable to Defendant's violations of Title 21, United States Code, Sections 841 and 846 are forfeited to the United States.

---

[1] The government is pursuing a money judgment against the Defendant in the amount of $180,000.00.

5. The Court further finds that one or more of the conditions set forth in Title 21, United States Code, Section 853(p), exists.

6. It is, therefore, ORDERED that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by Defendant Landy as a result of her violations of Title 21, United States Code, Sections 841 and 846, and that such substitute assets shall not exceed the value of the proceeds Defendant Landy obtained of $180,000.00.

Accordingly, it is hereby **ORDERED,**

1. The below-described property, and all right, title, and interest of the Defendant, Barbara Landy, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n).

2. FORFEITURE IS ORDERED against Landy and in favor of the United States in the amount of $180,000.00, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order to substitute property to satisfy the money judgment.

3. The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed money judgment.

4. Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to

commence proceedings that comply with statutes governing third party rights, if applicable.

5.      The government is not required to publish notice regarding the personal money judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6.      Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

7.      The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8.      The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

s/ Bruce Howe Hendricks
BRUCE HOWE HENDRICKS
UNITED STATES DISTRICT JUDGE

Greenville, South Carolina
 March 13    , 2018